Alfred G. Rava (SBN 188318)
RAVA LAW FIRM
3667 Voltaire Street
San Diego, CA 92106
Tel: 619-238-1993
Fax: 619-374-7288
Email: alrava@cox.net

Attorney for Plaintiffs Alexandr Maystrenko and Ekaterina Maistrenko and Proposed Classes

UNITED STATES DISTRICT COURT
NORTHER DISTRIC OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXANDR MAYSTRENKO and EKATERINA MAISTRENKO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>WELLS FARGO, N.A.<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**Violations of 42 U.S.C. § 1981, and California Civil Code §§ 51 (Codification of California's Unruh Civil Right Act) and 51.5**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Alexandr Maystrenko and Ekaterina Maistrenko on behalf of themselves and all others similarly situated, bring the following allegations against Defendant Wells Fargo, N.A. ("Defendant" or "Wells Fargo"):

**NATURE AND BASIS OF ALIENAGE, CITIZENSHIP, AND IMMIGRATION STATUS DISCRIMINATION CLAIMS**

1.  Plaintiffs bring this case against Wells Fargo for unlawful discrimination in violation of the Civil Rights Act of 1866, as codified by 42 U.S.C. § 1981 ("Section 1981"), California Civil Code § 51 (codification of California's Unruh Civil Rights Act) and California Civil Code section 51.5.

2.  Several business lines of Wells Fargo, an American multinational banking and financial services company, deny certain types of credit to non-United States citizens, who are legal residents

1

1  of the United States of America, based these legal residents' citizenship and immigration status. These
2  Consumer Financial Services that offers secured and unsecured credit cards and personal loans. Wells
3  Fargo's policies of denying plaintiffs and other legal residents of the United States the right to contract
4  for credit, checking accounts, or loans based on alienage, citizenship, or immigration status is
5  discriminatory and unlawful under 42 U.S.C. § 1981 and California Civil Code §§ 51 and 51.5.

6        3.     Plaintiff Alexandr Maystrenko is a citizen of Russia legally residing in San Diego,
7  California while his application for asylum has been pending with the United States Department of
8  Homeland Security's United States Citizenship and Immigration Services. Mr. Maystrenko is not a
9  citizen or a permanent resident of the United States.

10        4.     Plaintiff Ekaterina Maistrenko, who is the wife of Mr. Maystrenko, is also a citizen of
11  Russia legally residing in San Diego, California while her application for asylum has been pending
12  with the United States Department of Homeland Security's United States Citizenship and Immigration
13  Services. Mrs. Maystrenko is not a citizen or a permanent resident of the United States.

14        5.     Neither Alexandre Maystrenko nor Ekaterina Maistrenko are citizens of a Latin
15  American country, and neither Plaintiff is a so-called "DACA Resident" as that term is defined in the
16  pending settlement and court filings in the related case of *Mitzie Perez et al. v. Wells Fargo, N.A.*, U.S.
17  District Court for the Northern District of California, San Francisco Division Case Number 17-cv-
18  00545-MMC, the Honorable Maxine M. Chesney presiding. Therefore, Plaintiffs Alexandre
19  Maystrenko and Ekaterina Maistrenko are not members of the pending settling classes in the *Perez et*
20  *al. v. Wells Fargo, N.A.* case, for which the final approval of the settlement of that case is pending.

21        6.     In or around the summer of 2020, while in San Diego, California, Ekaterina Maistrenko
22  twice applied online to Wells Fargo for a Wells Fargo cash-back credit card, and each time, Wells
23  Fargo denied Mrs. Maistrenko a Wells Fargo cash-back credit card based on her alienage, citizenship,
24  and/or immigration status. In an August 10, 2020, letter from Wells Fargo to Mrs. Maistrenko in
25  response to her second online application for a Wells Fargo cash-back credit card, Wells Fargo wrote
26  the following:

27
28        We're responding to your request for a credit card account. After a careful review, we are

unable to approve your request at this time.

**About your application**

We are unable to offer you a credit card account for the following reasons:

- Not a permanent United States resident

7. At or around the same times Ekaterina Maistrenko had applied online for Wells Fargo cash-back credit cards, her husband Alexandr Maystrenko visited Wells Fargo's website with the intent to obtain the same type of Wells Fargo credit card for which Mrs. Maistrenko had applied. However, because of Mr. Maystrenko encountering Wells Fargo's alienage, citizenship, and immigration status terms or conditions, which excluded legal U.S. residents like himself who were not U.S. citizens, from full and equal access to Wells Fargo financial services, specifically a Wells Fargo credit card, Mr. Maystrenko did not apply for this type of Wells Fargo credit card because for him to apply would be an idle act.

8. Mr. Maystrenko, in 2020 and while in San Diego, did apply online at the Wells Fargo website for a Wells Fargo checking account and for a Wells Fargo personal loan. Wells Fargo denied Mr. Maystrenko's online application for a checking account and his online application for a personal loan.

9. Wells Fargo's rejection of Mr. Maystrenko's online application for a checking account read as follows:

We apologize, but at this time we cannot open accounts online for non-resident citizens aliens.

For more information, or to apply in person, visit your local Wells Fargo branch.

10. Wells Fargo's rejection of Mr. Maystrenko's online application for a personal loan read as follows:

We're unable to accept applications for unsecured loans or lines of credit from non-resident aliens. Please contact a banker or visit your nearest branch for more options.

11. There is no federal or state law or regulation that restricts banks from providing financial products to customers because the customer is an alien. Under federal law, alienage is merely

one factor among many used to verify enough information to confirm the true identity of the customer.

12. For instance, the Federal Financial Institutions Examination Council ("FFIEC") provides uniform principles and standards to offer guidance for federal regulators. The FFIEC annually publishes the Bank Secrecy Act/Anti-Money Laundering Examination Manual for Money Services, which contains a compliance program called the Customer Identification Program ("CIP"), as required by section 326 of the USA PATRIOT Act, 31 U.S.C. § 5318. Pursuant to CIP, institutions providing financial services, including banks, must have a written policy in place to enable them to form a reasonable belief that they know the true identity of each customer. The goal behind this requirement is to prevent the funding of terrorism both inside and outside of the United States.

13. According to the Bank Secrecy Act/Anti-Money Laundering Examination Manual, a bank's CIP must contain account-opening procedures detailing the identifying information that must be obtained from each customer. At a minimum, the bank must obtain the following information from each customer before opening an account: 1) name, 2) date of birth, 3) address, and 4) identification number (*e.g.*, Social Security number, taxpayer identification number or an alien identification number).

14. The bank's procedure must also describe when it will use documents, non-documentary methods, or a combination of both. Federal banking agencies expect that banks will review an unexpired government-issued form of identification from most customers. The identification must include evidence of the customer's nationality or residence and bear a photograph or similar safeguard.

15. Compliance with the CIP is to ensure that a bank verify enough information to form a reasonable belief that it knows the true identity of the customer.

16. "Opening an account" and a financial services "customer" for purposes of the Bank Secrecy Act/Anti Money Laundering Examination Manual for Money Services includes an individual who has applied for a loan application.

## PARTIES

17. At all times relevant hereto, Plaintiff Alexandr Maystrenko has been a citizen of Russia legally residing in San Diego, California while his application for asylum has been pending with the

United States Department of Homeland Security's United States Citizenship and Immigration Services. Mr. Maystrenko is not a citizen or a permanent resident of the United States.

18. At all times relevant hereto, Plaintiff Ekaterina Maistrenko has been a citizen of Russia legally residing in San Diego, California while her application for asylum has been pending with the United States Department of Homeland Security's United States Citizenship and Immigration Services. Mrs. Maistrenko is not a citizen or a permanent resident of the United States.

19. At all times relevant hereto, Wells Fargo has been an American multinational banking and financial services company headquartered in San Francisco, California. It is the fourth largest bank in the United States. Defendants Wells Fargo Bank, N.A. is a South Dakota corporation authorized to do business in California. Wells Fargo Bank, N.A. is a national bank and the primary United States operating subsidiary of Wells Fargo. Wells Fargo Bank, N.A. offers consumers a range of financial and credit products, including private student loans, credit cards, small business loans and credit products, personal loans, auto loans, and home mortgages. Wells Fargo Bank, N.A., by soliciting, conducting, and transacting business in the state of California, engages in continuous, permanent, and substantial activity within the state. Wells Fargo Bank, N.A. is not a federal enclave and therefore is subject to Plaintiffs' section 1981 claim.

## **JURISDICTION AND VENUE**

20. This Court has subject matter jurisdiction over Plaintiffs' section 1981 claim pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

21. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

22. Declaratory and injunctive relief is sought and authorized by 28 U.S.C. §§ 2201 and 2202.

23. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, Wells Fargo conducts business within this district, and this case is related to the case of *Mitzie Perez et al. v. Wells Fargo,*

*N.A.*, U.S. District Court for the Northern District of California, San Francisco Division Case Number 17-cv-00545-MMC, which is currently pending before the Honorable Maxine M. Chesney.

24. Intradistrict assignment: Pursuant to N.D. Cal. Local Rules 3-2(c) and (d), intradistrict assignment to the San Francisco Division is proper because a substantial part of the events which give rise to the claims asserted herein occurred at Wells Fargo's headquarters located in San Francisco County. Plus, this case is related to the case of *Mitzie Perez et al. v. Wells Fargo, N.A.*, U.S. District Court for the Northern District of California, San Francisco Division Case Number 17-cv-00545-MMC, which is currently pending before the Honorable Maxine M. Chesney.

## **CLASS ALLEGATIONS**

25. Plaintiffs bring this class action on their own behalf and on behalf of all other persons ("Class Members") similarly situated, under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of the two below classes, one nationwide and the other California-wide, with each class consisting of non-United States citizens who resided in the United States and who:

   a. Applied to Wells Fargo for a credit card, checking account, or personal loan and who were denied a credit card, checking account, or personal loan by Wells Fargo at any time from the period beginning on January 8, 2019 through the date of final judgment in this action ("1981 Class Covered Period"), based on the applicants' alienage, citizenship, or immigration status (the "1981 Class"); and

   b. While in California, applied to Wells Fargo for a credit card, checking account, or personal loan and who were denied a credit card, checking account, or personal loan by Wells Fargo at any time from the period beginning on January 8, 2018 through the date of final judgment in this action ("California Class Covered Period"), based on the applicants' citizenship or immigration status (the "California Class")

26. Not included in the 1981 Class or the California Class are the following individuals and/or entities: Well Fargo and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Wells Fargo has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; all individuals who agreed to be amongst those individuals who agreed to settle their similar 42 U.S.C. § 1981 and California Civil Code sections 51 and 51.5 claims in the case of *Mitzie Perez et al. v. Wells Fargo, N.A.*, U.S. District Court for the Northern District of California, San Francisco Division Case Number 17-cv-00545-MMC, all judges and their staff members assigned to hear any aspect of this litigation, as well as such judges' immediate family members; and Plaintiffs' counsel and anyone employed by Plaintiffs' counsel.

27. Plaintiffs reserve the right to modify or amend the definition of the proposed Purchasers 1981 Class or the California Class before the Court determines whether certification is appropriate.

28. This action has been brought and may properly be maintained pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) and (b)(3) for the below reasons.

29. The Section 1981 Class and the California Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are thousands of members of each of the above classes.

30. There are questions of law and fact common to the two classes and these questions predominate over any questions affecting only individual members. Common questions include, for each class, among others: (1) whether Wells Fargo maintains policies that categorically exclude Plaintiffs and Class Members from obtaining credit cards, checking accounts, or personal loans because of Plaintiffs' and Class Members' alienage, citizenship, or immigration status; (2) whether Wells Fargo's policies as set forth above deprives Plaintiffs and the 1981 Class of the right to contract in violation of Section 1981; (3) whether Wells Fargo's policies as set forth above deprive Plaintiffs and the California Class of rights under California Civil Code sections 51 and 51.5; (4) whether Plaintiffs and the Class Members suffered harm by reason of Wells Fargo's unlawful policies; (5) whether Plaintiffs and the California Class are entitled to statutory damages under California Civil Code section 52; (6) whether Plaintiffs and Class Members are entitled to punitive damages; (7)

whether Plaintiffs and Class Members are entitled to equitable and injunctive relief, and if so, what equitable and injunctive relief is warranted; and (8) the scope of a resulting permanent injunction.

31. Plaintiffs' claims are typical of the claims of the Class Members in each of the two classes: (1) Plaintiffs were within the jurisdiction of the United States; (2) Plaintiffs applied to Wells Fargo for credit cards, checking accounts, or personal loans; (3) Plaintiffs were declined credit cards, checking accounts, or personal loans because they did not meet Wells Fargo's policies that restricted eligibility to U.S. citizens or legal permanent residents; and (4) Plaintiffs were declined credit cards, checking accounts, or personal loans credit cards, based on alienage, citizenship, or immigration status. Each of these claims is substantially shared by every Class Member in each of the two classes. Each of the claims arises from the same course of conduct by Wells Fargo, and the relief sought is common

32. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members in each of the two classes. Plaintiffs have no conflict with any Class Member. Plaintiffs are committed to the goal of having Wells Fargo change its business practices to stop discriminating against Plaintiffs and others whom Wells Fargo has wrongly denied credit cards, checking accounts, or personal loans based on the consumers' alienage, citizenship, or immigration status.

33. Plaintiffs have retained counsel competent and experienced in complex discrimination class actions.

34. The people affected by Wells Fargo's unlawful policies is ascertainable through Wells Fargo's company records and its website records, logs, and data and therefore each of the two proposed classes is ascertainable.

35. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Wells Fargo has acted and/or refused to act on grounds generally applicable to each of the classes, making appropriate declaratory, equitable, and injunctive relief with respect to Plaintiffs and the Class Members as a whole. Wells Fargo excludes Class Members in each of the classes from obtaining credit cards, checking accounts, or personal loans due to alienage, citizenship, or immigration status. The Class Members in each of the two classes are entitled to declaratory, equitable, and injunctive relief to end Wells Fargo's common, unfair, and unlawful discriminatory policies.

36. Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual Class Members in the two classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation since joinder of all members is impracticable. The Class Members have been damaged and are entitled to recovery of statutory penalties under California Civil Code section 52 and other damages, not including actual damages, because of Wells Fargo's common, unfair, and discriminatory policies. Damages are capable of measurement on a classwide basis. The propriety and amount of punitive damages are based on Wells Fargo's conduct, making these issues common each of the two classes. Plaintiffs and the Class Members will rely on common evidence to resolve their legal and factual questions, including the applicable financial services policies in the relevant period. There is a pending actions raising similar claims, but that other action, *Mitzie Perez et al. v. Wells Fargo, N.A.*, U.S. District Court for the Northern District of California, San Francisco Division Case Number 17-cv-00545-MMC, concerns only so-called "DACA Residents" as plaintiffs and class members. Upon information and belief, an estimated 80% of so-called DACA Residents are from Latin American countries, primarily Mexico, and therefore do not include Russian citizens such as plaintiffs, and the Class Members who reside in the United States who are not citizens of Latin America. Wells Fargo engages in continuous, permanent, and substantial activity in California. There will be no undue difficulty in the management of this litigation as a class action

**FIRST CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1981**

37. Plaintiffs incorporate in this cause of action the allegations contained in the preceding paragraphs of this Complaint as if they were set out in full herein.

38. Plaintiffs and the Section 1981 Class members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law. Wells Fargo intentionally discriminated against Plaintiffs and the Class Members in the Section 1981 Class because of alienage by denying them the opportunity to contract for credit cards, checking accounts, or personal loans.

39. Wells Fargo's intentional discrimination against Plaintiffs and the Section 1981 Class members interfered with their right to make and enforce contracts for credit cards, checking accounts, or personal loans.

40. Wells Fargo's policies of denying credit cards, checking accounts, or personal loans based on Plaintiffs' and the Class Members' alienage harmed Plaintiffs and the Section 1981 Class members and constitutes unlawful alienage discrimination in the making and enforcing of contracts in violation of 42 U.S.C. § 1981.

41. Plaintiffs and the Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive and equitable relief sought in this action is the only means of securing complete and adequate relief. Plaintiffs and the Class Members they seek to represent are now suffering, and will continue to suffer, irreparable injury from Wells Fargo's discriminatory acts and omissions.

## SECOND CAUSE OF ACTION
### Violation Of The Unruh Civil Rights Act, California Civil Code Section 51

42. Plaintiffs incorporate in this cause of action the allegations contained in the preceding paragraphs of this Complaint as if they were set out in full herein.

43. Wells Fargo is a "business establishment" within the meaning of California Civil Code 51.

44. By intentionally denying Plaintiffs and the California Class full and equal accommodations, advantages, facilities, privileges, services, and/or discounts by denying Plaintiffs and the California Class credit cards, checking accounts, or personal loans based on the Plaintiffs and the California Class members' citizenship or immigration status, Wells Fargo violated California's Unruh Civil Rights Act, which is codified as California Civil Code section 51.

45. A substantial motivating reason for Wells Fargo's conduct was the citizenship or immigration status of Plaintiffs and the California Class.

46. Wells Fargo's denial of credit cards, checking accounts, or personal loans based on the Plaintiffs and the California Class members' citizenship or immigration status harmed and damaged Plaintiffs and the California Class.

47. Wells Fargo's denial of credit cards, checking accounts, or personal loans based on the Plaintiffs and the California Class members' citizenship or immigration status was a substantial factor in causing harm and damages to Plaintiffs and the California Class.

48. Pursuant to Civil Code section 52, Wells Fargo is liable to Plaintiffs and the members of the California Class for the statutory damages mandated by Civil Code section 52 for each and every offense, and attorneys' fees that may be determined by the court in addition thereto.

49. Pursuant to Civil Code section 52, injunctive relief is necessary and appropriate to prevent Wells Fargo from repeating its discriminatory actions as alleged above. Plaintiffs are entitled to injunctive relief on behalf of themselves and the California Class.

## THIRD CAUSE OF ACTION

### Violation Of California Civil Code Section 51.5

50. Plaintiffs incorporate in this cause of action the allegations contained in the preceding paragraphs of this Complaint as if they were set out in full herein.

51. Wells Fargo is a "business establishment" within the meaning of California Civil Code 51.5.

52. By intentionally denying Plaintiffs and the California Class credit cards, checking accounts, or personal loans based on the Plaintiffs and the California Class members' citizenship or immigration status, Wells Fargo violated California Civil Code section 51.5.

53. A substantial motivating reason for Wells Fargo's conduct was the citizenship or immigration status of Plaintiffs and the California Class.

54. Wells Fargo's denial of credit cards, checking accounts, or personal loans based on the Plaintiffs and the California Class members' citizenship or immigration status harmed and damaged Plaintiffs and the California Class.

55. Wells Fargo's denial of credit cards, checking accounts, or personal loans based on the Plaintiffs and the California Class members' citizenship or immigration status was a substantial factor in causing harm and damages to Plaintiffs and the California Class.

56. Pursuant to Civil Code section 52, Wells Fargo is liable to Plaintiffs and the members of the California Class for the statutory damages mandated by Civil Code section 52 for each and every offense, and attorneys' fees that may be determined by the court in addition thereto.

57. Pursuant to Civil Code section 52, injunctive relief is necessary and appropriate to prevent Wells Fargo from repeating its discriminatory actions as alleged above. Plaintiffs are entitled to injunctive relief on behalf of themselves and the California Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. A declaratory judgment that the practices complained of herein are unlawful and violate 42 U.S.C. § 1981and California Civil Code sections 51 and 51.5;

2. A preliminary and permanent injunction against Wells Fargo and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, customs and usages set forth herein;

3. Certify a Section 1981 Class and a California Class under Rule 23(a) and (b)(2) and (b)(3) of the Federal Rules of Civil procedure, appoint Plaintiffs' counsel as Class Counsel, and appoint the named Plaintiffs as the Class Representatives;

4. All damages sustained as a result of Wells Fargo's violation of 42 U.S.C. § 1981, according to proof;

5. For statutory damages mandated by and pursuant to California Civil Code section 52 for each and every offense committed by Wells Fargo against Plaintiffs and each member of the California Class for violating California Civil Code sections 51 and/or 51.5;

6. Exemplary and punitive damages in an amount commensurate with Wells Fargo's ability to pay and to deter future conduct.

7. Injunctive remedies including restitution.

8. Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

9. Pre-judgment and post-judgment interest, as provided by law; and

10. For such other and further legal and equitable relief as this Court may deem proper, appropriate, justified, or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and 29 U.S.C. § 623(c)(2), Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: January 7, 2021          Respectfully Submitted

                                        *s/ Alfred G. Rava*
Alfred G. Rava (Cal. Bar No. 188318)
RAVA LAW FIRM
3667 Voltaire Street
San Diego, California 92106
Phone: 619-238-1993
Fax: 619-374-7288
E-mail: alrava@cox.net
*Attorney for Plaintiffs Alexandr Maystrenko, Ekaterina Maistrenko, and the Proposed Classes*